UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS,<br><br>              Plaintiff,<br><br>       v.<br><br>G. NEWSOME, et al.,,<br><br>              Defendants. | No.  2:22-cv-1583 AC P<br><br>ORDER AND FINDINGS AND RECOMMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned will recommend that: (1) plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and (2) plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.      THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).


## II. PETITIONER'S PRIOR STRIKES

A review of court records reveals that on June 20, 2008, in the Southern District of California, plaintiff was declared a three-strikes litigant in Stephen[1] v. Hernandez. No. 3:08-cv-0750 BEN BLM ("Stephen I") (S.D. Cal. June 20, 2008). In that case, the Stephen I Court determined that the following matters previously filed by plaintiff were strikes:

- Stephen v. Lacy, No. 2:93-cv-5032 UA (C.D. Cal. Aug. 23, 1993) (dismissed for failure to state a claim), aff'd, No. 93-56312, 1995 WL 72353 (9th Cir. Feb. 22, 1995);
- Stephen v. Zulfacur, No. 3:93-cv-1943 R RBB (S.D. Cal. Apr. 19, 1994) (dismissed for failure to state a claim);
- Stephen v. Shelar, No. 3:06-cv-1054 LAB WMC (S.D. Cal. Aug. 31, 2006) (dismissed for failure to state a claim);
- Stephen v. Hernandez, No. 3:06-cv-0171 L WMC (S.D. Cal. Oct. 11, 2006) (dismissed for failure to state a claim);
- Stephen v. Marshal, No. 2:07-cv-5337 UA SH (C.D. Cal. Oct. 4, 2007) (dismissed as frivolous); and
- Stephen v. IRS, No. 3:07-cv-2112 LAB BLM (S.D. Cal. Dec. 4, 2007) (dismissed as frivolous).

See Stephen I, ECF No. 4 at 2-3.

The court takes judicial notice of these earlier-filed lawsuits as well as the findings in Stephen I.[2] Each of the previous cases was dismissed well before the instant action was filed and none of the strikes have been overturned. Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious

---

[1] Although plaintiff identifies himself as "Jimmie Stephen," and not "Jimmie Stephens" in Stephen I and in the cases listed as strikes, a search of plaintiff's state prison identification number indicates that "Jimmie Stephen" and "Jimmie Stephens" are the same individual.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1  physical injury."  28 U.S.C. § 1915(g).

2        IV.   IMMINENT DANGER

3        In the complaint, plaintiff affirmatively alleges that he is in imminent danger of serious physical harm stemming from the events that give rise to plaintiff's claims for relief: (1) defendants' failure to provide him with soft food (to accommodate dental issues) and religious meals; (2) disparate racial treatment with respect to COVID-19 protocols; (3) retaliation for having filed grievances; and (4) threats, harassment, possible denial of parole, and deliberate indifference to his serious medical needs.  ECF No. 1 at 4-7.  The nexus requirement under Lara, supra, is thus satisfied.

      However, even if the allegations are true, they do not establish that plaintiff is in imminent danger of serious physical harm.  See generally ECF No. 1.  The denial of soft foods and/or religious meals for five or six days over a three-month period, including on days when the prison was on lockdown (id. at 4,) does not establish imminent danger of serious physical harm.  Similarly, defendants' alleged failure to provide plaintiff with dental implants does not present an imminent danger of serious physical harm, especially because it appears he has been provided dentures in lieu of implants.  See id. at 5 (indicating inmates are provided with dentures, not the preferred implants).  Plaintiff lists several serious medical concerns, but the complaint does not include facts which indicate an imminent danger of serious physical harm at the time the complaint was filed.  The complaint's overall emphasis is on alleged retaliation and racial discrimination, but the facts presented as to any current or ongoing threats of harm from these alleged acts are entirely conclusory and/or speculative.  See id. at 6-10.  Accordingly, plaintiff has not satisfied the exception for imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1057 n. 11 (speculative allegations may be rejected); see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions are insufficient to satisfy exception to § 1915(g)); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (same).

      V.   CONCLUSION

      For these reasons, plaintiff is a three strikes litigant who has not met his burden of establishing that he is in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g).  As

4

a result, it will be recommended that he be ordered to pay the filing fee in full prior to proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE